In re Walter N. KISTLER, Jean A. Kistler, d/b/a Walt's Suzuki, a/k/a Walt's Speed Center, Debtors.

BRENTON NATIONAL BANK OF PERRY, Plaintiff,

v.

Walter N. KISTLER and Jean A. Kistler, Defendants.

Civ. No. 83–368–E.

United States District Court, S.D. Iowa, C.D.

Feb. 19, 1985.

James B. Smith and John C. Powell, Perry, Iowa, for plaintiff.

Jonathan M. Kimple, Dallas Center, Iowa, for defendants.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter comes before the Court as an appeal from Bankruptcy No. 82–1855–C,

further known as Adversary Proceeding No. 83–0167, arising out of the Bankruptcy Court for the Southern District of Iowa. The Bankruptcy Judge discharged the Kistlers over the objection of the Brenton National Bank of Perry and said Bank has appealed.

The Bank states that the issues presented for appeal are as follows:

1) That the complainant, Brenton National Bank of Perry, did present sufficient evidence to meet its burdens of proof to show that the debtors did make fraudulent transfers with the intent to defraud the Brenton National Bank of Perry, in violation of 11 U.S.C. § 727(a)(2).

2) That the complainant, Brenton National Bank of Perry, did present sufficient evidence to meet its burden of proof to establish that debtors did fail to satisfactorily explain any loss of assets in violation of 11 U.S.C. § 727(a)(5).

3) That the complainant, Brenton National Bank of Perry, did present sufficient evidence to meet its burden of proof to establish that the debtors did use material and substantial false financial information to obtain credit, extensions of time for payments, and to obtain refinancing of individual security agreements by falsely and fraudulently reporting that 28 motorcycles were present and in inventory when in truth said motorcycles had been disposed of by the debtor in violation of 11 U.S.C. § 523(a)(2).

The debtors presented issues for review as follows:

1) Were the findings of fact of Judge Stageman clearly erroneous? (Rule 8013, formerly Rule 810, Bankruptcy Rules).

2) Has the appellant sustained its burden of proving appellees' debt nondischargeable under the terms of 11 U.S.C. § 523(a)(2)(A)?

3) Has the appellant sustained its burden of proving appellees' debt not dischargeable under the terms of 11 U.S.C. § 523(a)(6)?

The Court had this matter presented to it on the transcripts of the trial, on the complaint objecting to the discharge of the debtors and/or exceptions to the discharge of the complainant's debt. This consisted of two volumes and the Court has these and has had the opportunity to read them. A hearing was held and the Court heard arguments of counsel.

The Court recognizes that this matter is before it on review based on the parameters of Rule 8013 of the Bankruptcy Rules, which states as follows:

On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The Court, after having been fully apprised, finds that the findings of fact of Judge Stageman as set out in Volume 2, pages 30–40 of the trial transcript, are not clearly erroneous. The Court further finds that the appellant has not sustained its burden of proving the appellees' debt is not dischargeable under any of the Code sections set out in the issues presented for review. The Court further finds that the statement of Judge Stageman in Volume 2, pages 30–40, and particularly page 38, lines 9–11, where the court states: "Here again the proof is just not heavy enough; I am not saying there isn't some there, but it's not heavy enough," is not clearly erroneous.

For good cause shown,

IT IS THEREFORE HEREBY ORDERED that the appeal in this cause shall be denied.

IT IS FURTHER HEREBY ORDERED that the Clerk of the Court shall dismiss this appeal and send copies of this Order to all interested parties.