In re Christiane BAGNATO, Debtor.

Bankruptcy No. 86 B 20527.

United States Bankruptcy Court,
S.D. New York.

Dec. 21, 1987.

**656**

Jeffrey L. Sapir, Hartsdale, N.Y., for trustee.

Susan M. Capeci, Mount Vernon, N.Y., for debtor.

### DECISION ON MOTION FOR TURNOVER OF COLLATERAL

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor seeks to exempt the proceeds from the sale of an automobile, despite the fact that the trustee avoided a lien on the vehicle and preserved the lien for the benefit of the estate, pursuant to 11 U.S.C. § 551. The trustee seeks a turnover of the proceeds from the debtor's sale of the automobile.

### DISCUSSION OF FACTS

1. On December 20, 1984, T.W.A., the debtor's employer, loaned the debtor $1500.00 pursuant to the terms of the Application for TWA Credit Union Loan. The application consolidated this loan with an existing loan in the amount of $3709.64, for a total debt of $5209.64 owed to T.W.A.

2. The loan application consists of a promissory note and security agreement, both of which were signed by the debtor.

3. The promissory note states the terms of repayment which require the debtor to repay $5209.64, payable in equal installments of $80.00 bi-weekly, with payments beginning during the month of December 1984.

4. The debtor had the option to acquire the loan on a totally secured basis or a partially secured basis. The debtor opted to accept the loan on a partially secured basis at 12% interest.

5. Upon opting to accept the loan on a partially secured basis, the debtor had to sign a security agreement annexed to the loan application. The terms of the security agreement granted T.W.A. a security interest in the debtor's 1977 Triumph Spitfire automobile and the debtor's savings shares of T.W.A.

6. By a Petition filed on November 13, 1986, debtor sought relief from this court under chapter 7 of the United States Bankruptcy Code.

7. It is undisputed that the debtor was current on her payments due under the terms of the promissory note up to the date the debtor filed her petition. At the time of the filing of the debtor's petition, it is undisputed that she owed a balance of $1,860.33.

8. The debtor listed T.W.A. as a secured creditor under Schedule A-2 of her petition, specifying both the automobile and the savings shares as the security.

9. Subsequently, it was determined that T.W.A. had failed to perfect its security interest with respect to the debtor's automobile. Accordingly, the debtor amended her original schedules, deleting T.W.A. as a secured creditor, and listing it as an unsecured creditor on Schedule A-3. She claimed her automobile as exempt property under Schedule B-4. This amendment was filed on February 19, 1987 on notice to the trustee.

10. T.W.A. never filed a proof of claim asserting its position as a secured or unsecured creditor.

11. The debtor's debts were discharged on February 20, 1987. Neither T.W.A. nor the trustee objected to the debtor's list of exempt property or to the discharge of the T.W.A. debt as an unsecured debt by virtue of its status in the amended schedules.

12. On May 5, 1987, the trustee served a complaint on T.W.A. which sought to avoid its lien on the automobile due to T.W.A.'s failure to perfect its security interest in the car.

13. After a hearing held on June 16, 1987, at which T.W.A. did not appear or file any objections, and by order signed by and filed in this court on June 18, 1987, the trustee avoided T.W.A.'s lien pursuant to 11 U.S.C. § 544(a) and preserved the lien for the benefit of the debtor's estate pursuant to 11 U.S.C. § 551.

14. The debtor claims that she was never served with a copy of the summons and complaint and was therefore not aware of the hearing date. However, she is not moving to vacate the June 18, 1987 order and therefore this fact has no bearing on the case at bar.

15. On September 10, 1987, the debtor filed a motion requesting a declaration that T.W.A.'s claim in the amount of $1,860.33 is entirely unsecured, that the value of the debtor's automobile is less than $2,400.00 and is, therefore, exempt property.

16. The trustee argues that T.W.A.'s claim, now asserted by the trustee as a result of the June 18, 1987 order, is a secured claim, though not properly perfected, and is nondischargable. The trustee seeks to obtain the car or proceeds from the sale of the car for the benefit of the creditors.

17. The debtor claims that the terms of the security agreement allowed the debtor to borrow up to $2,000.00 on an unsecured, "signature" basis. Therefore, she maintains the balance on the loan, which is less than $2,000.00, is the unsecured portion of her loan, and was rightfully discharged.

18. The debtor further argues that if the court does not construe the terms of the agreement as sufficiently specifying which portion of the loan is to be secured and unsecured, that this court, acting as a court of equity, may fashion the manner in which payments are to be applied.

19. The trustee argues that the security agreement, though unperfected, renders the debtor's automobile as property of the estate and which may not be claimed as exempt property.

20. By letter dated September 28, 1987, debtor's attorney informed the court that the debtor had sold her car against the attorney's instructions.

21. A hearing was held on December 11, 1987 at which time the parties agreed to have the case submitted to the court on stipulated facts.

## DISCUSSION

The debtor received a discharge of her debts on February 20, 1987. Annexed to the order discharging the debtor is a list of the creditors who were noticed that their claims thereunder were discharged. T.W.A. was one of the creditors given notice of the discharge of its claim as an unsecured debt in the the schedules annexed to the order of discharge.

It was not until June of 1987 that the trustee brought an action to avoid T.W.A.'s purported security interest in debtors car. The order signed by and filed in this court allowed the trustee to avoid T.W.A.'s purported lien and preserve this lien for the benefit of the debtor's estate. However, the trustee as a hypothetical bona-fide purchaser or creditor under state or federal law as against other parties, does not have any greater rights than he, or any other person, would have as a bona fide purchaser or creditor under applicable state or federal law. *In re Morse*, 30 B.R. 52 (BAP 1st Cir.1983); L. King, 4 Collier on Bankruptcy ¶ 544.02 at 544–1–7 (15th ed. 1987).

By June of 1987, T.W.A. no longer had a monetary claim against the debtor which the trustee could avoid and preserve for the estate, in view of the discharge in

February of 1987. 11 U.S.C. § 727 states that where a court grants a discharge, and except as provided in 11 U.S.C. § 523,

> (b) ... a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

The granting of a discharge under section 727

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2).

 The trustee asserts that he retains an unperfected secured lien on the automobile. If the trustee carries his burden in establishing the balance of the loan to be paid is secured by the automobile, then 11 U.S.C. § 524 would not estop the trustee, a secured creditor, from retrieving the collateral. *In re Sams* 16 B.R. 47 (Bankr.N.D.Ohio 1981). However, the trustee has not established that from the face of the loan agreement the balance of the loan must be construed as secured by the automobile. No evidence was submitted, testimony given or facts stipulated which compel the court to construe the balance of the loan as secured. The trustee, as plaintiff in this adversary proceeding, would have to carry the burden of proof in objecting to a discharge under Bankruptcy Rule 4005. In addition, because a proof of claim was not filed by T.W.A., which is prima facie validity of the claim, the trustee, as the hypothetical creditor, retains the burden of persuasion which never shifted to the debtor. Ultimately, even though a properly executed bankruptcy claim does not shift the burden of producing evidence to the objector, the burden of persuasion remains at all times with the claimant and at no time does the objector assume the burden of disproving the claim or the nature of the claim. *See In re Friedman*, 436 F.Supp. 234 (D.Md.1977). The trustee has failed to carry his burden of proof. Accordingly, this court finds that the balance of the loan owed to T.W.A. is unsecured and the automobile is not subject to this lien.

 T.W.A. was no longer a creditor of the debtor upon entry of the order of discharge. A creditor, as defined in 11 U.S.C. § 101 is broadly defined as an entity with a "claim". A "claim" is defined in 11 U.S.C. § 101 to mean "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured ...". Upon discharge all claims included in the debtors schedules were discharged without opposition by any creditor or the trustee. Therefore, there was no claim for the trustee to set aside or preserve for the benefit of the estate.

 The debtor claims that the market value of her automobile is $1,287.50. The trustee does not dispute the value of the car. Pursuant to New York Debtor and Creditor Law § 282, a debtor domiciled in New York State may claim a bankruptcy exemption of a motor vehicle not exceeding $2,400.00 in value above liens and encumbrances. Because the undisputed value of the vehicle is less than $2,400.00 and there are no valid or existing liens or encumbrances on the vehicle asserted by other creditors, this property is exempt property under 11 U.S.C. § 522 and New York debtor and Creditor Law § 282.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. The claim pursued by the plaintiff/trustee as a creditor pursuant to 11 U.S.C. § 544 is an unsecured debt which was discharged under 11 U.S.C. § 727.

3. The trustee is enjoined under 11 U.S.C. § 524 from pursuing any of T.W.A.'s purported interests, which he avoided and retained for the benefit of the debtor's estate pursuant to 11 U.S.C. §§ 544 and 551, respectively.

4. Accordingly, the trustee is not entitled to acquire the automobile or the proceeds from the sale of the automobile.

5. The automobile is exempt property under New York Debtor and Creditor Law § 282 and 11 U.S.C. § 522 and the debtor is entitled to keep the proceeds from the sale of the vehicle.

Settle Order on notice.