In re Harry **TESMETGES**, a/k/a Theoharis Tesmetges, a/k/a Harry Thomas, a/k/a Henry Best, Debtor, Chapter 7 180–07354–260.

Philip M. **KOVITZ**, Plaintiff,

v.

Harry **TESMETGES**, a/k/a Theoharis Tesmetges, a/k/a Harry Thomas, a/k/a Henry Best, Defendant.

Nos. 88 CV 094, 88 CV 187, 88 CV 299, 88 CV 300.

United States District Court, E.D. New York.

March 31, 1988.

Philip M. Kovitz, pro se.

Steinberg Daniels Lasky & Siegel, Garden City, N.Y., for debtor; by Barry Lasky.

Robert J. Musso, Brooklyn, N.Y., Trustee.

### MEMORANDUM AND ORDER

PLATT, District Judge.

This is an appeal from a decision by Judge Conrad B. Duberstein of the Bank-

ruptcy Court of the Eastern District of New York, dated June 17, 1987, in an adversary proceeding connected with a Chapter 7 proceeding. 74 B.R. 911. In that decision, Judge Duberstein held that claimant-plaintiff's claim was dischargeable. For the reasons stated below, the decision of the Bankruptcy Judge is affirmed.

## FACTS

The debtor, Harry Tesmetges, filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code on November 28, 1980. Claimant-plaintiff commenced this adversary proceeding on May 12, 1981. However, a trial of this proceeding was postponed at the direction of the initial Bankruptcy Judge, Manuel J. Price, pending the conclusion of trials of other adversary proceedings instituted by the trustee in this case.

It is not disputed that claimant-plaintiff ("Kovitz") made a loan in the amount of $10,000 to the H.T. Thomas Corporation, of which the debtor and his wife were the principals. In exchange for the loan, Kovitz received a bond and second mortgage on property located at 133–10 Linden Boulevard, South Ozone Park, New York ("the property"), that was owned by the H.T. Thomas Corporation. H.T. Thomas Corporation executed both the mortgage and the bond as mortgagor/obligor of the debt. An earlier first mortgage was held by State Funding, Inc. in the amount of $15,000. Neither the debtor nor his wife signed or guaranteed the bond in their individual capacities.

At the time of Kovitz's loan to the Thomas Corporation, the property was occupied under a lease by two tenants, a couple, who had been living there for a number of years. At trial, the debtor testified that these tenants were interested in purchasing the property. The lease between the Thomas Corporation and the tenants gave the tenants an option to purchase the property.

Due to financial difficulties, the tenants failed to maintain their monthly rental payments to the Thomas Corporation and defaulted on their lease. According to the debtor, this resulted in the Thomas Corporation's failure to make mortgage payments to State Funding, Inc., as the first mortgagee. Thereafter, a foreclosure proceeding was commenced by Federal First Mortgage Association, as successor in interest to the first mortgagee, State Funding, Inc. The foreclosure sale only satisfied the first mortgage debt, leaving no remaining funds to be applied to plaintiff's second mortgage. Claimant-plaintiff's loan remains unpaid.

Kovitz then commenced an action in the Supreme Court of New York against the H.T. Thomas Corporation, Harry Tesmetges and Teresa Tesmetges, to recover his unpaid loan of $10,000. During both the State court and Bankruptcy Court proceedings, Kovitz maintained that the H.T. Thomas Corporation was interchangeable with Harry and Teresa Tesmetges. Initially, a default judgment was obtained against the Tesmetges when they failed to answer the complaint. However, the judgment was reopened and the default was vacated, upon motion by the Tesmetges, on the grounds that they had not been served and had no knowledge of the suit. During the time the suit was awaiting trial, Harry Tesmetges filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. The State Court action was stayed under section 362 of the Bankruptcy Code from the time the debtor filed the petition.

Following the debtor's filing of the petition in bankruptcy, Robert Musso, a member of the Interim Trustee Panel of the Bankruptcy Court, was appointed interim trustee of the debtor's estate. At the first meeting of creditors under section 341 of the Bankruptcy Code, Musso was elected a permanent trustee. Kovitz attended that meeting and supported the election of Musso as trustee.

Musso, as trustee, subsequently retained Kovitz as his attorney in light of Kovitz's knowledge of the circumstances surrounding the debtor's bankruptcy. Kovitz had known Harry and Teresa Tesmetges for years prior to this bankruptcy proceeding in a social context. Kovitz had also represented Teresa Tesmetges in her divorce

proceeding prior to her marriage to Harry Tesmetges.

Kovitz then brought this adversary action against the debtor under section 523(a)(2)(A) of the Bankruptcy Code, seeking to have his claim held nondischargeable by reason of the H.T. Thomas Corporation's and debtor's alleged fraud in procuring the $10,000 loan from the claimant-plaintiff. The Bankruptcy Court found that the claimant-plaintiff failed to make out a *prima facie* case of fraud under section 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(A) (1982), and therefore held the claimant-plaintiff's claim to be dischargeable.

Claimant-plaintiff, additionally, has filed an appeal from an order to show cause, dated January 11, 1988, signed by Bankruptcy Judge Duberstein, in which a provision for a stay of all bankruptcy proceedings pending removal of the trustee was stricken. He has also filed an appeal from an order of Bankruptcy Judge Duberstein dated January 13, 1988 denying a request for Judge Duberstein's recusal and disqualification. Finally, claimant-plaintiff has filed a motion for a stay of all bankruptcy proceedings pending the outcome of the proceedings to remove the trustee.

## DISCUSSION

### I. *Appeal from Bankruptcy Court's Decision in Adversary Proceeding*

#### 1. *Jurisdiction*

■ Jurisdiction of bankruptcy appeals to the District Courts is governed by 28 U.S.C. section 158(a). This Court has discretionary jurisdiction over interlocutory appeals in bankruptcy under this section. We opt to review plaintiff's case on the merits in its present posture so that this dispute may be concluded.

#### 2. *Standard of Review*

Review of a Bankruptcy Court's findings by a District Court requires the application of two separate standards of review: one for findings of fact and another for conclusions of law.

#### (A) *Findings of Fact*

Rule 8013 of the U.S. Bankruptcy Rules provides that findings of fact by the Bankruptcy Court judge "shall not be set aside unless clearly erroneous." Inferences drawn from facts are also subject to the "clearly erroneous" rule. *In re Tesmetges*, 47 B.R. 385, 388 (E.D.N.Y.1984). Furthermore, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankr.Rule 8013.

■ Having reviewed Bankruptcy Judge Duberstein's decision, this Court finds no reason to conclude that his findings of fact were clearly erroneous. Judge Duberstein's opinion states that the debtor testified "in a clear, concise and credible manner" with regard to the property in dispute. *In re Tesmetges*, 74 B.R. 911, 915 (Bankr.E.D.N.Y.1987). Although the debtor told the claimant-plaintiff that a *possible* purchaser for the property existed, the debtor testified that the property was never represented to Kovitz as the subject of a contract for sale. Furthermore, the Bankruptcy Court noted that the claimant-plaintiff failed to present evidence sufficient to establish that the debtor made representations he knew to be false. Therefore, the Bankruptcy Court judge's finding that neither the debtor nor the corporation obtained a loan from Kovitz by false pretenses, false representations, or by actual fraud is not clearly erroneous.

Further, because the Bankruptcy Court concluded that neither the debtor nor the corporation used false or fraudulent statements to obtain the loan, it held it did not need to decide whether it should disregard the corporation and pierce the corporate veil. *In re Tesmetges*, 74 B.R. at 917. However, it did conclude that were the corporate veil pierced, the result would be the same. *Id.*

#### (B) *Conclusions of Law*

As this Court has stated, a District Court is free to make independent determinations when reviewing conclusions of law reached by a Bankruptcy Court. *In re Tesmetges*, 47 B.R. at 388; *In re Penn–Dixie Industries, Inc.*, 9 B.R. 936, 938 (S.D.N.Y.1981).

In light of this standard, we independently review the Bankruptcy Court's conclusions of law challenged by the plaintiff.

 In order to make out a claim for nondischargeability of a debt under 11 U.S.C. section 523(a)(2)(A), a creditor must prove that: "the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation." *In re Hunter,* 780 F.2d 1577, 1579 (11th Cir.1986). Proof of implied fraud is not enough. *In re Bombard,* 59 B.R. 952, 954 (Bankr.D.Mass.1986). Furthermore, the law is clear that the burden of proof is on the creditor to produce clear and convincing evidence substantiating each element of the claim. *In re Bombard,* 59 B.R. at 954; *In re Salett,* 53 B.R. 925, 928 (Bankr.D.Mass.1985). Regardless of whether *some* evidence is presented to prove fraud on the part of the debtor, if the creditor's burden of proof is not met, the debt may be declared dischargeable. *In re Kistler,* 46 B.R. 739, 740 (S.D.Iowa 1985).

This Court finds the Bankruptcy Court's statement of the controlling legal principles pertaining to section 523(a)(2)(A) of the Bankruptcy Code to be accurate. Applying the Bankruptcy Court's findings of fact to the legal principles involved, this Court finds that the plaintiff has not met his burden of proof as to the nondischargeability of the debt under section 523(a)(2)(A).

For the reasons discussed above, the decision of the Bankruptcy judge is affirmed.

## II. *Remaining Applications by Kovitz*

The Court finds the other applications by Kovitz without merit.

Accordingly, this Court affirms the Bankruptcy Court orders appealed from and denies the motion for a stay.

SO ORDERED.