In re Harry **TESMETGES**, a/k/a Theoharis Tesmetges, a/k/a Harry Thomas, a/k/a Harry Best, Debtor.

**Bankruptcy No. 180-07354-260.**

United States Bankruptcy Court, E.D. New York.

June 8, 1988.

---

Robert J. Musso, Trustee and Atty., Brooklyn, N.Y., for Trustee.

Philip M. Kovitz, New York City, former atty., for Trustee.

Barry M. Lasky, Garden City, N.Y., for Harry Tesmetges, debtor.

Theresa Tesmetges, Hollis Hills, N.Y., pro se.

---

## DECISION

CONRAD B. DUBERSTEIN, Chief Judge.

The trustee has moved this court for a determination of proofs of claim, hereinafter described, filed by Philip M. Kovitz, Esq. (hereinafter referred to as "Kovitz" or "claimant"), so as to establish the status of said claims and whether or not Kovitz is a creditor of the debtor. A hearing on the motion was held before me on June 1, 1988 at which were present Robert J. Musso as trustee and attorney for trustee; Kovitz; Barry M. Lasky, Esq., the attorney for the debtor herein; the debtor and his wife, Theresa Tesmetges. After hearing all of the foregoing parties and upon their testimony, and upon the application of the trustee in support of the notice of hearing, both dated December 14, 1987, the notices of deposition and notices to produce documents, dated December 24, 1987 and February 2, 1988 served upon the claimant by the attorney for the trustee, the deposition of the claimant taken by the trustee on February 18, 1988, the answer of the claimant dated April 29, 1988, his amended answer dated May 31, 1988, both of which were filed in this court immediately prior to the hearing on June 1, 1988, his claims numbered 1 and 7, the exhibits introduced at said hearing, and upon the record taken of said hearing at the conclusion of which, after due deliberation, this court disallowed and expunged said claims and found that the said Philip M. Kovitz is not a creditor of the debtor herein, this court renders this written opinion in confirmation of said oral decision for the reasons hereinafter set forth.

## DISCUSSION WITH RESPECT TO THE CLAIMS HELD BY PHILIP M. KOVITZ

Shortly after the debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on November 28, 1980, Kovitz executed and filed a proof of claim, No. 1, in the sum of $10,147 on January 6, 1981. The claim states that the consideration for the obligation is as follows (errors in typing have been corrected):

"... as per a judgment, plus costs, disbursements and interest to date, judgment and debt based on fraud of defendant and wife in relation to the inducement of plaintiff to loan money to a corporation owned and controlled by them, to claimant's detriment and damage."

Thus, from a cursory reading of the claim, it would appear that at the very beginning of this bankruptcy case Kovitz held himself out to be a creditor of the debtor. Also early in the case he appeared as the attorney for another alleged creditor, Prisciliano Quevedo ("Quevedo"). It was in those capacities that he submitted an application to, and had signed by my predecessor Honorable Manuel J. Price, an order extending the time to file objections to the discharge of the debtor. Shortly thereafter he became the attorney for the trustee, having assured Judge Price that he "was a creditor of the debtor and that his knowledge of the debtor's affairs, acts and conduct, favored his employment as the trustee's attorney." *See Musso v. Herman (In re Tesmetges)*, 85 B.R. 683, 692 (Bkrtcy. E.D.N.Y.1988), *appeal docketed*, No. CV 88–1520 (E.D.N.Y. May 2, 1988); *see also In re Tesmetges*, 74 B.R. 911, 914 (Bkrtcy.E.D.N.Y.1987), *aff'd*, 86 B.R. 21 (E.D.N.Y.1988), *appeal docketed*, No. 88–5011 (2d Cir. Apr. 6, 1988).

Kovitz instituted a number of adversary proceedings while Judge Price was in charge of this case, some of which passed over to me when I succeeded him upon his retirement in the summer of 1984. Based upon Kovitz's representations that he was

a creditor, his status as such was questioned neither by Judge Price nor by me. When the trial of one of those adversary proceedings, an action to set aside an alleged fraudulent conveyance, was about to commence before me, I held a pre-trial conference with Kovitz, the trustee, the defendants and their attorneys, to consider the possibility of settling the action. In so doing I reviewed with Kovitz the amounts of the claims of the creditors in order to be able to weigh the reasonableness of any possible offer of settlement. Kovitz stated that he was a creditor in excess of $10,000 and also had power of attorney on behalf of Quevedo, whose claim he had filed for more than $7,500 as the assignee of a judgment creditor of the debtor, Pine Hollow Stud Farms, Inc. ("Pine Hollow"). Kovitz refused to consider, and opposed the trustee's consideration of any settlement which proposed less than the full payment to the creditors. Such settlement was not acceptable to the defendants and the action proceeded to trial. It ended in a judgment for the defendants and a dismissal of the complaint. *See Musso v. Herman (In re Tesmetges), supra.* Although Kovitz tried those proceedings as the attorney for the trustee, he was removed as such attorney at the completion of the trial when he was suspended from the practice of law. The trustee did not appeal the decision. Kovitz appealed in his capacity as a creditor pro se. He subsequently moved to intervene as a creditor in the appeal. The defendants have moved to dismiss the appeal on the grounds that he is not a creditor nor a party in interest. The appeal is pending although as of this date, he has not as yet perfected it. His time to do so as fixed by the District Court, has not as yet expired.

In reviewing with Kovitz the claims of creditors during the aforesaid pre-trial conference, I learned that a proof of claim had been filed for the same amount by Quevedo's assignor, Pine Hollow. I then called upon the trustee to bring on a hearing to determine which of the claims should be allowed. Pine Hollow's attorney responded by denying that its judgment had been assigned, demanded that its claim be allowed and that Quevedo's claim be disal-lowed. At the hearing to consider the status of the conflicting claims, upon learning of the contentions of Pine Hollow's attorney, Kovitz stated that he had purchased the judgment for $1,500 in Quevedo's name from one who had falsely held himself out to be an officer of Pine Hollow with no authority to assign the judgment, and that under the circumstances Kovitz recognized that the Quevedo claim was invalid. I informed him that unless he withdrew the claim the matter would be referred to the United States Attorney for inquiry as to whether the filing of the claim constituted a violation of 18 U.S.C. § 152 which proscribes the filing of a false claim in a bankruptcy case. He thereupon withdrew the claim in writing which was duly filed with the Clerk of the Bankruptcy Court and such withdrawal was noted in the claims docket maintained by the Clerk.

By reason of Kovitz's representations that he was a creditor and represented an alleged creditor, apparently no one including Judge Price, myself or the trustee ever questioned such status. Not until I completed the trial of another adversary proceeding did I learn enough about his transactions with the debtor to cause me to believe that he might not be a creditor. That proceeding was one he brought in his capacity as a creditor of the debtor, pro se, not on behalf of the trustee, to have it determined by this court that his claim was not dischargeable in bankruptcy under § 523(a)(2)(A) of the Code on the ground that the debtor and his wife induced him to loan $10,000 to H.T. Thomas Co., Inc., a corporation controlled by them. The complaint prepared and filed by Kovitz in support of the proceeding makes no mention of any *judgment* recovered against the debtor and his wife, as was inferred by Claim No. 1. On the contrary, paragraph 3 of the complaint cites that an *action* was brought in approximately December of 1976 in the Supreme Court of the State of New York, County of New York (Index No. 20298/76) which action had been stayed by reason of the commencement of the within bankruptcy proceedings and that the *action* arose out of the fraud of the debtor and his wife

in connection with the H. T. Thomas Co., Inc. loan. The complaint was dated May 11, 1981. Yet Claim No. 1 which referred to a *judgment* was dated January 6, 1981, more than four months before the complaint, which referred to an *action*, was filed.

■ Anyone reading the claim would believe that Kovitz had recovered a judgment based upon the fraud of the debtor and his wife. However, at the conclusion of the trial of the dischargeability action, I found and held that the debtor had not committed any fraud which would bar the dischargeability of the claim. I further observed that if any debt was due and owing in connection with the H.T. Thomas Co., Inc. transaction it was due from that corporation and not from the debtor. *In re Tesmetges*, 74 B.R. at 917. In my subsequent opinion noted above, *Musso v. Herman*, which dismissed a fraudulent conveyance action tried by Kovitz as the attorney for the trustee, I noted that Kovitz had commenced an action in the Civil Court of New York solely against H.T. Thomas Co., Inc. to recover the $10,000 he had loaned it, and that after a default judgment against the corporation was entered in his favor, he commenced another action in the Supreme Court of New York against the debtor and his wife for damages arising out of their alleged fraud in inducing him to make the loan. I further found that in that action the debtor and his wife successfully reopened a default which had resulted in a judgment against them, that after bonding the judgment pursuant to court order, nothing of any consequence was done in the action and it was never tried, although the court had directed that it be set down for trial. *Musso v. Herman (In re Tesmetges), supra*, 85 B.R. at 691. It is to be noted that during the course of the fraudulent conveyance action before me, when a question arose as to whether Kovitz was a creditor of the debtor, both Kovitz and the debtor's attorney agreed that the answer to the question could best be determined by permitting Kovitz to proceed with his state court action. I thereupon entered an order on March 13, 1986 lifting the stay allowing Kovitz to proceed in the state court action

against the debtor and his wife except that he was enjoined from enforcing any judgment which he might recover against the debtor in that action until the further order of this court. Even though he was thus freed from going forward against the debtor in the state court, he took no further steps in that direction and to this date the action has never been tried. The decision of this court in *In re Tesmetges*, 74 B.R. 15, affirmed by the District Court, *supra*, demonstrated that the debtor committed no fraud. Thus the identical issue previously raised in the state court action and which is the basis of Claim No. 1, was clearly laid to rest. There was no final judgment against the debtor, there was no fraud committed by him, and Claim No. 1 which erroneously purports to reflect the existence of those factors, is disallowed.

Shortly after the trustee proceeded to prepare for the hearing on the status of Claim No. 1 he informed me that in examining the claims on file with the Clerks' Office he learned that between the entry of my order dated February 25, 1987 directing pre-trial discovery proceedings in the dischargeability action and the actual date of the trial of that action, May 18, 1987, Kovitz filed another claim dated April 30, 1987, Claim No. 7, on May 8, 1987. Although Kovitz was fully aware of Claim No. 7 when the trial came on to be heard on May 18, 1987 he did not inform the trustee or me of that claim. It reads in pertinent part as follows:

"a. The sum of $13,485.76, with or without interest, from approximately October, 1978, is owing to undersigned creditor, by reason of an agreement to settle a lawsuit against debtor Harry Tesmetges and his wife, Teresa Tesmetges, pending in the Supreme Court of the State of New York, County of New York (# 20298/1976), and others, in exchange for a general release by the undersigned creditor to the said parties, complied with by creditor, which settlement was left pending, and/or repudiated or reneged on; thereafter, in this Court, reaffirmed of record, in a proceeding herein.

b. The sum of $10,650 approximately, representing a judgment debt liability of H.T. Thomas Co., Inc., to the undersigned creditor, claimed to be owing by said debtor and his wife, on the basis of piercing the veil of the said corporation and said corporation being their alter ego.

c. In the alternative, that the sum of $10,650 approximately, plus interest as may be allowed by law, is due undersigned creditor by reason of said amount being loaned by the creditor to the aforementioned H.T. Thomas Co., Inc., by means of and through the intentionally false and deceitful statements of inducement by the debtor and wife; or by means of statements of misrepresentation, in the event said statements not be considered in law as amounting to a falsity and deceit or intentionally fraudulent.

The amounts above mentioned, based on the same transaction, are claimed in the alternative, rather than in the aggregate."

A reading of both claim 1 and 7 clearly demonstrates the difficulty, if not the impossibility, in determining the actual amount due from the debtor to Kovitz, if any. The claims themselves underscore and justify the reason for the trustee's examination into their validity and extent, although Kovitz has consistently opposed the trustee's efforts to do so.

The debtor has never admitted to being indebted to Kovitz. The Schedules of the debtors Liabilities annexed to his petition for relief under Chapter 7 refer to Kovitz as a disputed creditor.

## THE HEARING BROUGHT BY THE TRUSTEE TO EXAMINE INTO THE CLAIMS

On June 1, 1988 I conducted the trustee's hearing to consider the aforesaid claims. Initially, I considered the relief requested by Kovitz in his amended answer seeking a dismissal of the proceeding and requesting the allowance of the claims on the following grounds generally:

1. The court lacks jurisdiction of the subject matter.

2. The notice of the hearing is legally insufficient.

3. The notice and proceedings undertaken by the trustee are invalid and improper pursuant to § 704(4) of the Bankruptcy Code.

4. The trustee is on notice of the fact that it was through the efforts of the claimant that there are assets in the estate.

5. The trustee's motion tends to debilitate and prejudice the estate.

6. The proceedings be deemed to be an adversary proceeding pursuant to the provisions of the Bankruptcy Rules.

7. The proceeding is barred by the statute of limitations.

8. The proceeding is barred by laches.

■■■■ Upon consent of the trustee and Kovitz, the court treated the aforesaid allegations contained in the amended answer as allegations in support of a motion to dismiss the trustee's examination into the claims. After due deliberation and after commenting on each of the allegations, the court denied the motion to dismiss on the following grounds:

1. The court has jurisdiction of the subject matter as a core proceeding in accordance with the provisions of 28 U.S.C. § 157(b)(2)(B).

2. The notice of the hearing contained sufficient information as to the purpose of the hearing, that is, to determine the status of the claims.

3. The hearing was not invalid under § 704(4) as contended by Kovitz. That section requires the trustee to investigate the financial affairs of the debtor. That had been done not only by the trustee but directly by Kovitz during the period from on and after March 9, 1981 when he was authorized to represent the trustee up to the time he was removed as the attorney for the trustee as a result of his suspension from the practice of law, and upon his substitution by Mr. Musso as the attorney for the trustee pursuant to the order of this court dated October 24, 1986.

The amended answer admits that among the duties of the trustee as set forth in § 704 are those stated in subdivision (5) which requires the trustee to examine proofs of claims and object to the allowance of any claim that is improper, if a purpose would be served. Kovitz contends that no purpose would be served by such objection. This court has found and holds that the trustee does render a service and does have a purpose in objecting to claims which should not be allowed in a bankruptcy proceeding. Kovitz would prefer having his claims remain intact without any objection merely to permit him to continue to be active in this case and in the proceedings emanating from it, in none of which he has the right to be deemed a party in interest.

4. There is no question but that the efforts of Kovitz in acting as the attorney for the trustee resulted in assets for the benefit of this estate arising out of previous adversary proceedings and matters which he instituted on behalf of the trustee in the estate. However, that is no reason why he should continue on as a creditor of the *debtor* if there is no basis for the allowance of any of his claims.

5. The charge that the trustee has acted unethically and improperly has no merit and no basis in fact. On the contrary, Mr. Musso as trustee has acted under the direction of Kovitz in all previous matters and adversary proceedings other than Kovitz's personal adversary proceeding with respect to the dischargeability of his debt as well as the present matter before this court with respect to the allowability of his claims.

6. The demand by Kovitz that these proceedings be deemed and designated as adversary pursuant to the pertinent provisions of the Bankruptcy Rules has no bearing in fact nor law. An objection to claim is not an adversary proceeding in accordance with the provisions of Bankruptcy Rule 7001 which sets forth the scope of Rules relating to adversary proceedings. Bankruptcy Rule 3007 dealing with objections to claims specifically provides that contested matters initiated by an objection to a claim are governed by Rule 9014, which calls for contested matters to be disposed of by motion, unless a counterclaim is asserted in which event Rule 7001 would apply as an adversary proceeding. No such counterclaim has been asserted and under the circumstances, the practice as provided for by Rule 3007 and governed by Rule 9014 follows the course adopted by the trustee. In further accord with Rule 9014, this court applied its provisions which allow for the application of certain Rules under Part 7 dealing with discovery, motions on the pleading and motions for summary judgment.

7. The instant proceeding is not barred by any statute of limitation as contended by Kovitz in his amended answer. Section 502(a) of the Bankruptcy Code provides that a claim, proof of which is filed under § 501, is deemed allowed unless a party in interest objects to it. As appears from all of the foregoing, in light of the vagueness and difficulty to comprehend the nature and extent of the claims filed by Kovitz, it was proper for the trustee to bring on objections to the claim by way of the notice of hearing served by him upon Kovitz and held before this court.

The case of *In re Sensor Systems*, 79 B.R. 623, (Bkrtcy.E.D.Pa.1987) cited by Kovitz in his answer in support of his contention that a two year statute is applicable, is inapposite and has no relationship to the issues before this court with respect to Kovitz's claims. A reading of that case will reflect that the failure to move for relief under § 544 dealing with the avoidance powers of a trustee within the time limit fixed by § 546 was fatal to the trustee's efforts to disallow the claims involved in that case. The trustee may object to any proof of claim right up to the time the case is ready to be closed in a Chapter 7 case. *See In re Stevenson Associates, Inc.*, 777 F.2d 415 (8th Cir.1985), in which the claimant Stevenson opposed the trustee's objections to his claim, and wherein the court stated: "Stevenson argues that the

trustee's objection, made over two years after Stevenson made his claim, should be barred by the doctrine of laches ... We have considered these arguments and the cases offered in support of them and conclude that they are without merit."
8. The allegation in the amended answer contending that the proceeding is barred by laches has no merit for the reason discussed in response to allegation 7 above.

As noted above, this court denied the motion to dismiss and proceeded with the hearing on the claims.

## THE CLAIMS

This court has discussed the nature of Claim No. 1 and as has been heretofore noted, it has found that there is no basis for its allowance as a claim arising out of a judgment based on the fraud of the debtor and his wife and for that reason the claim is disallowed. During the course of the hearing, I asked Kovitz if Claim No. 1 was superseded by Claim No. 7, styled "Amended Claim." Kovitz insisted that each claim be treated separately on their respective merits. I then informed him that when an amended claim is filed in the Bankruptcy Clerks' Office a notation is made in the claims docket to the effect that the first claim is superseded by the second claim and that the only time the first claim would remain in effect would be where the second claim is deemed to be a supplemental claim. He refused to have the first claim, No. 1, treated in that fashion. Thus, in compliance with his request, this court deemed Claim No. 1 unaffected by Claim No. 7. As appears from above, Claim No 1 was disallowed on the merits in any event.

Claim No. 7 which has already been noted, is divided into three parts, generally described as follows:

Subsection (a) claims that the debtor is indebted to Kovitz in the sum of $13,485.76 which is alleged to be the damages incurred by him arising out of the breach of an alleged settlement.

Subsection (b) refers to a claim for $10,650 which represents the judgment debt liability of H.T. Thomas Co., Inc. claimed to be owing by the debtor and his wife on the basis of piercing the corporate veil.

Subsection (c) states that in the alternative the aforesaid sum of $10,650 is due by the reason of the H.T. Thomas Co., Inc. transaction which arose out of the alleged intentional fraud by the debtor and his wife.

The claim is not clear as to which of the foregoing subsections apply inasmuch as the claim states that the amounts referred to in each subsection are claimed in the alternative, rather than in the aggregate.

## DISCUSSION

A proof of claim filed in a bankruptcy proceeding constitutes *prima facie* evidence of its validity and amount pursuant to Bankruptcy Rule 3001(f) and § 502(a). 3 Collier on Bankruptcy Para. 502.01 at 502–16 (15th ed. 1987).

Inasmuch as § 502(a) provides that a duly filed claim is deemed allowed, the objector has the burden of going forward in support of his objection since the allegations of the claims are taken as true. Thus, the burden of producing evidence in support of the objection, shifts to the objector. However, the ultimate burden of persuasion remains on the creditor filing a proof of claim. 3 Collier on Bankruptcy Para. 502.01 at 502–22 (15th ed. 1987); *In re Friedman*, 436 F.Supp. 234 (D.C.Md. 1977); *In re Bagnato*, 80 B.R. 655 (Bkrtcy. S.D.N.Y.1987).

The traditional standard of proof imposed upon a creditor seeking to have its claim allowed is by a preponderance of the evidence. *In re Koch*, 83 B.R. 898, 17 B.C.D. 449 (Bkrtcy.E.D.Pa.1988).

Applying the aforesaid authorities to the issues before this court, I find that the claimant Kovitz has failed to carry the burden of persuasion in support of his claims and has failed to establish by a preponderance of evidence that he has claims which should be allowed in this case.

With respect to subparagraph (c) of the claim which alleges that there is due to the claimant $10,650 plus interest by reason of

the H.T. Thomas Co., Inc. transaction which was claimed to have been entered into by the fraud of the debtor and his wife, this court has found that no such fraud existed. *See In re Tesmetges*, 74 B.R. 911, *supra, aff'd*, 86 B.R. 21 (E.D.N.Y.1988), *appeal docketed*, No. 88–5011 (2d Cir. Apr. 6, 1988). This court has already noted that the action instituted by Kovitz against the debtor and his wife in the Supreme Court of the State of New York for fraud in inducing him to make the loan to H.T. Thomas Co., Inc. was never reduced to a fixed, non-contingent judgment, was set down for trial and was never pursued by Kovitz.

■ With respect to subparagraph (b) which relies on the piercing of the corporate veil to have it held that the debtor is responsible and liable for the judgment recovered against H.T. Thomas Co., Inc., ample opportunity was presented to Kovitz during the course of the hearing on June 1, 1988 to introduce evidence in that regard. He failed to take any steps to pierce the corporate veil. The burden was on him to do so. The judgment remains an obligation of H.T. Thomas Co., Inc., not that of the debtor. The court notes in passing that it is possible that Kovitz avoided taking steps to pierce the corporate veil because if he had been successful in holding the debtor liable for the obligation, the loan would have been deemed invalid inasmuch as the interest provided for by the loan amounting to 18% per annum would have been usurious as to the debtor individually. Kovitz admitted during the course of the hearing that if the loan had been made to the debtor, it would have been usurious. For the reasons stated, the subparagraph (b) portion of the claim cannot be allowed.

■ With respect to the final portion of the claim, subparagraph (a), dealing with the alleged damages arising out of the breach of an alleged settlement, in the sum of $13,485.76, substantial testimony was taken at the hearing with respect to such a settlement. Mr. Lasky, the attorney for the debtor, testified that he participated in the settlement discussions, that steps had been taken to settle for that sum all claims which Kovitz had against the debtor, his wife and her family, as well as claims which his nominee Prisciliano Quevedo had against them. Proof was established that Kovitz had also prepared releases as well as stipulations of discontinuance of the actions in contemplation of a settlement which merely awaited the execution of the settlement documents. However, testimony of Mr. Lasky as well as that of the debtor and Mrs. Tesmetges clearly revealed that the settlement was aborted not by reason of their acts but by virtue of the fact that Kovitz was not satisfied to settle the claims for the foregoing sum without obtaining additional consideration from the attorneys who represented the debtor and other members of his family. Kovitz readily admitted that the debtor played no part in the breakup of the settlement, after the debtor testified accordingly. It is clear to this court that the failure to consummate the settlement arose solely out of Kovitz's acts and conduct in instituting proceedings against the attorneys for additional consideration. He admitted during the course of his testimony that his efforts to recover funds from those attorneys were unsuccessful in a law suit he brought against them in the Supreme Court of the State of New York, which decision was affirmed by the Appellate Division.

■ Upon the completion of the hearing, the court announced that by virtue of the provisions of the bankruptcy law and authorities, subparagraph (a) of Claim No. 7 for $13,485.76 is not allowable by reason of the fact that the claim was not filed within the statutory period permitted by the Bankruptcy Rules in effect at the time this case was commenced. Rule 302, which was operative at that time, provided that a claim must be filed within six months after the date set for the first meeting of creditors, under conditions that are not applicable to this case. The amended claim, filed on May 8, 1987, was filed more than *6 years* after the date set for the first meeting of creditors which was held on January 7, 1981.

Although bankruptcy law recognizes that a claim which amends a previously, proper-

ly filed claim may be allowed even though the amendment was effected after the statutory period has expired, the amendment is freely allowed only where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim. *In re Commonwealth Corp.*, 617 F.2d 415 (5th Cir.1980). The *Commonwealth* court held, however, that amendments subsequent to the time allowed for filing call for careful scrutiny in order to make sure that the amendment does not amount to an attempt to file an entirely new claim after the time for filing claims has expired. *See also Wheeling Valley Coal Corp. v. Mead (In re Warner Coal Corp.)*, 171 F.2d 916 (4th Cir.1949).

Where a claim for corporate income taxes was filed late by the Internal Revenue Service as an amended claim it was held to be a new claim in light of the different nature of the tax liability involved. Thus the alleged amended claim was not allowed by reason of the fact that it was filed late. *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985).

At the conclusion of the hearing on the claims, I found that the portion of the amended Claim No. 7 relating to the alleged settlement, subparagraph (a), pertains to facts that are different in nature than those in the original Claim No. 1 and is thus a claim filed late. I also found that the claim relating to the alleged liability of the debtor arising out of the H.T. Thomas Co., Inc. judgment by piercing the corporate veil, subparagraph (b), was also filed late for the same reason. Nevertheless, at the conclusion of the hearing I held that I would not disallow subparagraphs (a) and (b) of amended Claim No. 7 on those grounds alone but for the reasons hereinabove set forth, namely that those subparagraphs, as well as subparagraph (c), fail to establish any liability or indebtedness to the claimant from the debtor.

In view of all of the foregoing this court finds that as a result of the trustee's examination into the claims, upon the failure of the claimant to sustain the burden of persuasion with respect to the claims, it is

ADJUDGED AND DECREED that Claim No. 1 and amended Claim No. 7 be expunged and disallowed in their entirety.

The court further concludes that by reason of all of the foregoing, Philip M. Kovitz is not a creditor of this estate.

Further, by reason of the facts surrounding the Prisciliano Quevedo claim it is deemed withdrawn.

In accordance with this court's direction during the course of the hearing on the claims, a hearing will be held before me at such time as I shall fix in the future, to determine whether or not sanctions shall be invoked against Kovitz for violations of Bankruptcy Rule 9011 arising out of the filing by him of the aforesaid claims.

An order in accordance with the foregoing decision shall be entered accordingly.