24-2345-bk
*Myer's Lawn Care Servs., Inc. v. Pryor*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

IN RE: RUSSELL FRAGALA,
> *Debtor.*

---

MYER'S LAWN CARE SERVICES, INC.,
> *Creditor-Appellant.*

v.                                                    24-2345-bk

ROBERT L. PRYOR,
> *Trustee-Appellee.**

---

FOR CREDITOR-APPELLANT:          WILLIAM M. BURKE, William M. Burke, P.C., Manchester, MD

FOR TRUSTEE-APPELLEE:            ROBERT L. PRYOR, Pryor & Mandelup, L.L.P., Westbury, NY

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from the August 14, 2024 judgment of the United States District Court for the Eastern District of New York (Choudhury, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Myer's Lawn Care Services, Inc. ("Myer's") filed a proof of claim in Russell Fragala's individual Chapter 7 bankruptcy case, alleging that Fragala personally owed a debt to Myer's arising out of contracts between Myer's and the Russ Fragala Landscape Corporation (the "Corporation"). The bankruptcy court granted a motion filed by the Chapter 7 trustee, Appellee Robert L. Pryor, to expunge Myer's' claim in its entirety. The district court upheld the ruling on appeal, and Myer's now appeals to this Court. We assume the parties' familiarity with the underlying facts, the rulings by the bankruptcy court and district court, and the issues on appeal.

"The [d]istrict [c]ourt operated as an appellate court in its review of the [b]ankruptcy [c]ourt's judgment, and we too, in turn, engage in plenary, or de novo, review of the [d]istrict [c]ourt's decision. We thus apply the same standard of review that the [d]istrict [c]ourt employed, reviewing the bankruptcy court's findings of fact for clear error and its legal determinations de novo." *In re Tingling*, 990 F.3d 304, 307 (2d Cir. 2021) (alterations added; italics, citations, and quotation marks omitted).

The bankruptcy court correctly determined that Pryor's motion to expunge Myer's' proof of claim was timely. Pryor brought the motion under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3007 or, alternatively, Bankruptcy Rule 3008. Under Bankruptcy Rule 3007, "[a]n objection to a claim . . . must be filed and served at least 30 days before a scheduled hearing on the objection or any deadline for the claim holder to request a hearing." Fed. R. Bankr. P. 3007(a)(1). When Pryor filed the motion, the bankruptcy court had not scheduled any hearing

on claim objections or set any deadline for claim holders to request a hearing on claim objections, nor had the court set its own deadline for filing claim objections. By the plain terms of Bankruptcy Rule 3007, Pryor's motion was timely. *See also In re Best Payphones, Inc.*, 523 B.R. 54, 68 (Bankr. S.D.N.Y. 2015) ("[B]ankruptcy law does not impose a statute of limitations on claims objections."); *In re Tesmetges*, 87 B.R. 263, 269 (Bankr. E.D.N.Y. 1988) ("The trustee may object to any proof of claim right up to the time the case is ready to be closed in a Chapter 7 case.").

Myer's argues that Pryor was barred from filing his motion to expunge under res judicata based on the bankruptcy court's ruling in a separate adversary proceeding. There, the court held that Myer's had "an allowed claim" because it was "uncontested." ECF No. 2-21,[1] at 83-84. But the adversary proceeding was between only Myer's and Fragala—Pryor was not a party. "A person who was not a party to a suit generally has not had a full and fair opportunity to litigate the claims and issues settled in that suit," and, as a result, such a nonparty typically cannot be bound by that suit. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quotation marks omitted).[2] While this rule is subject to an exception where there is a "substantive legal relationship[] between the person to be bound and a party to the judgment," the relationship between Fragala and Pryor does not qualify. *Id.* at 894 (quotation marks omitted). The Third Circuit has explained that "even though a trustee in bankruptcy has a substantive legal relationship with the pre-bankruptcy debtor, the trustee is not simply the successor in interest to the [d]ebtor: he represents the interests of all

---

[1] All ECF citations are to *Myer's Lawn Care Services, Inc. v. Pryor*, Case No. 2:23-cv-03346, E.D.N.Y.

[2] Myer's argues in its reply brief that the preclusion standard espoused in *Taylor v. Sturgell* does not apply to bankruptcy proceedings. It claims that the relevant standard is instead laid out in *EDP Medical Computer Systems, Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007). Even if Myer's had not forfeited this point by failing to raise it in its opening brief, the argument is incorrect as a matter of law. *See Esquire Trade & Fin., Inc. v. CBQ, Inc.*, 562 F.3d 516, 520-21 (2d Cir. 2009) (citing *EDP Medical* for general res judicata test as applied to bankruptcy proceedings before noting that *Taylor* applies insofar as *Taylor* modifies *EDP Medical*'s privity analysis).

creditors of the [d]ebtor's bankruptcy estate." *In re Montgomery Ward, LLC*, 634 F.3d 732, 738 (3d Cir. 2011) (quotation marks omitted and alterations added). As a result, where there are "misaligned incentives," the trustee and debtor lack a "substantive legal relationship . . . of the kind contemplated in *Taylor*." *Id.* In the adversary proceeding, Myer's sought a declaration that its claim was non-dischargeable so that the debt would survive Fragala's bankruptcy. Fragala was therefore incentivized to argue only that the claim not non-dischargeable. It did not matter to Fragala whether the claim was otherwise valid, in which case Myer's would become a creditor of the estate and Fragala would not be liable to Myer's outside of bankruptcy. Pryor, meanwhile, as the representative of the creditors, was tasked with "preserv[ing] the property of the estate for the purpose of maximizing distributions," *Surabian v. Picard*, 2014 WL 917091, at *2 (S.D.N.Y. Mar. 7, 2014), a responsibility that included "examin[ing] proofs of claims and object[ing] to the allowance of any claim that [was] improper," 11 U.S.C. § 704(a)(5).[3] Given this divergence, Pryor's interests were not represented during the adversary proceeding, and he could not be bound under nonparty preclusion.[4] Res judicata thus did not preclude Pryor from filing his motion to expunge.

The bankruptcy court did not err in granting Pryor's motion on the merits. Myer's claims

---

[3] Pryor's obligation to "examine proofs of claims" for impropriety would be triggered only "if a purpose would be served" by such assessment. 11 U.S.C. § 704(a)(5). The Bankruptcy Code thus contemplates that a trustee would have no interest in the merits of any given proof of claim in the event of a no-asset bankruptcy. *See id.*; *cf.* Fed. R. Bankr. P. 2002(e) ("In a Chapter 7 case, if it appears from the schedules that there are no assets from which to pay a dividend, . . . filing proofs of claim is unnecessary."). Here, the parties do not dispute that when the adversary proceeding was brought—and for much of the period during which it was pending—Fragala's personal estate appeared to have no assets available for distribution. This fact reinforces the conclusion that Fragala did not represent Pryor's interests, which did not even materialize until well into the adversary proceeding.

[4] Myer's asserts that Pryor could have challenged the validity of its claim only by filing in the adversary proceeding a motion under Bankruptcy Rule 9024, which incorporates Federal Rule of Civil Procedure 60's standard for relief from a judgment. But because Pryor was not bound by the judgment in the adversary proceeding, he had no obligation to do so and was free to file his motion to expunge in accordance with Bankruptcy Rule 3007.

that Fragala is personally liable for the Corporation's alleged debts because he used the Corporation to defraud Myer's. The parties dispute whether Myer's forfeited this fraud argument for piercing the corporate veil by failing to make it before the bankruptcy court when opposing Pryor's motion in the Chapter 7 case despite raising a fraud argument earlier in the separate adversary proceeding. Assuming without deciding that Myer's did not forfeit the fraud argument in this case, we hold that the argument fails on the merits. Under Maryland and New York law, a party asserting fraudulent inducement to pierce a corporate veil must affirmatively prove that a false representation was made for the purpose of defrauding that party. *See Dynacorp Ltd. v. Aramtel Ltd.*, 56 A.3d 631, 660 (Md. App. 2012); *New Hackensack Realty, LLC v. Lawrence Dev. Realty, LLC*, 226 A.D.3d 799, 801 (2d Dep't 2024).[5] In the adversary proceeding, the bankruptcy court found that Myer's did not carry this burden. The court determined that, except for one conclusory affidavit, Myer's "did not present any evidence . . . to prove that Fragala knew when [the Corporation] and Myer's entered into the [contracts] . . . that he was going to hold Myer's liable . . . for damages it did not cause." ECF No. 2-21, at 85. The bankruptcy court instead found that "[w]hile Fragala may have made false statements" at the time the contracts were breached, "all this would amount to is a false representation as to why [the Corporation] failed to pay Myer's." *Id.* "The alleged false representation," the court explained, "came after the services were provided and the debt incurred." *Id.* at 86. In sum, the bankruptcy court concluded that there was no evidence that Fragala intended to use the Corporation to defraud Myer's at the time the contracts were formed. We identify no basis to conclude that the bankruptcy court clearly erred in these factual findings. Myer's' efforts to pierce the corporate

---

[5] The parties dispute whether Maryland or New York law governs the veil-piercing analysis. We do not decide this issue because the relevant legal standards are the same in both jurisdictions. *See also infra* at 6.

5

veil and to hold Fragala personally liable thus fail on the merits.

We also reject the argument that Fragala forfeited a corporate veil defense when he individually answered Myer's' complaint and filed a counter-complaint in the Maryland case. Under Maryland and New York law, the corporate-veil doctrine is not a defense the defendant can forfeit; rather, the plaintiff bears the burden of showing the defendant committed fraud that warrants piercing the corporate veil. *See Turner v. Turner*, 809 A.2d 18, 62 (Md. App. 2002); *TNS Holdings, Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 339 (1998). Myer's' forfeiture argument thus runs afoul of the law on veil piercing and cannot provide a basis for holding Fragala personally liable for the Corporation's conduct.

We have considered all of Myer's' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6