20-757-bk
*Tingling v. Educ. Credit Mgmt. Corp.*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2020

No. 20-757-bk

*In re Janet Tingling,*
*Debtor.*

JANET TINGLING,
*Debtor-Appellant,*

v.

EDUCATIONAL CREDIT MANAGEMENT CORPORATION, UNITED STATES
DEPARTMENT OF EDUCATION, AMERICAN EDUCATION SERVICES, GREAT
LAKES EDUCATIONAL LOAN SERVICES, INC., NELNET INC.,
*Defendants-Appellees,*

NAVIENT CORPORATION,
*Defendant.*

On Appeal from the United States District Court
for the Eastern District of New York

———

ARGUED: MARCH 2, 2021
DECIDED: MARCH 11, 2021

———

Before: CABRANES, RAGGI, and SULLIVAN, *Circuit Judges*.

———

Debtor-Appellant Janet Tingling ("Tingling") appeals from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*), affirming an order of the United States Bankruptcy Court for the Eastern District of New York (Alan S. Trust, *Bankruptcy Judge*) denying Tingling's request to discharge her educational loans pursuant to 11 U.S.C. § 523(a)(8). Two questions are presented on this appeal: (1) whether the Bankruptcy Court abused its discretion when it based its Pretrial Order on a joint pretrial memorandum, which was agreed to and approved by all parties on July 31, 2018; and (2) whether Tingling established that she would face an "undue hardship" if her student loans were not discharged.

We hold that the Bankruptcy Court did not abuse its discretion in basing its Pretrial Order on the joint pretrial memorandum edited by both parties. Further, it was not an abuse of discretion to disallow Tingling from unilaterally modifying that joint pretrial memorandum, as the interests of justice in this case did not so require. Lastly, we hold that Tingling failed to make the factual showing to establish "undue hardship" under *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987), as would be required to discharge her

educational loans. Accordingly, we **AFFIRM** the District Court's judgment.

————

JONATHAN A. ROSENBERG, Jonathan Rosenberg, PLLC, Brooklyn, NY., *for* Debtor-Appellant Janet Tingling.

MICHAEL E. KREUN (Kenneth L. Baum, *on the brief*), Hackensack, NJ, *for* Defendant-Appellee Educational Credit Management Corp.

MARY M. DICKMAN, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), Eastern District of New York, Brooklyn, NY, *for* Defendant-Appellee United States Department of Education.

————

JOSÉ A. CABRANES, *Circuit Judge*:

Debtor-Appellant Janet Tingling ("Tingling") appeals from a January 31, 2020 judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*), affirming an order of the United States Bankruptcy Court for the Eastern District of New York (Alan S. Trust, *Bankruptcy Judge*), denying Tingling's request to discharge her educational loans pursuant to 11 U.S.C. § 523(a)(8). Two questions are presented on this appeal: (1) whether the Bankruptcy Court abused its discretion when it based its Pretrial Order on the joint pretrial memorandum, which was agreed to and approved by all parties on July 31, 2018; and (2) whether Tingling

3

established that she would face an "undue hardship" if her student loans were not discharged.

We hold that the Bankruptcy Court did not abuse its discretion in basing its Pretrial Order on the joint pretrial memorandum dated July 31, 2018. Nor was it an abuse of discretion for the Bankruptcy Court to not permit Tingling to unilaterally modify that joint pretrial memorandum, as the interests of justice in this case did not so require. Lastly, we hold that Tingling failed to make the factual showing to establish "undue hardship" under *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987), as would be required to discharge her educational loans. Accordingly, we **AFFIRM** the District Court's judgment.

## I. BACKGROUND

In August 2016, Tingling sought relief from her student debt by filing a complaint against student loan holder United States Department of Education ("DOE") and others.[1] On consent of the parties, the Bankruptcy Court granted the motion of Educational Credit Management Corporation ("ECMC") to intervene as the assignee of eight of the loans. On April 15, 2019, the Bankruptcy Court entered a final judgment, holding that Tingling's student loans were nondischargeable and that Tingling had failed to prove undue hardship.[2] Tingling appealed to the District Court, which affirmed the Bankruptcy Court's judgment on January 31, 2020. The District Court further held that the Bankruptcy Court did not abuse its discretion when it adopted the July 31, 2018 joint pretrial memorandum as the

---

[1] Tingling was originally represented by counsel but requested that her attorney be removed from her suit in February 2017. She then proceeded *pro se* for the rest of the adversary proceeding before the Bankruptcy Court.

[2] *See* 11 U.S.C. § 523(a)(8).

4

basis for its Pretrial Order and declined to incorporate Tingling's later unilateral revisions.[3]

## II. DISCUSSION

The District Court operated as an appellate court in its review of the Bankruptcy Court's judgment, and we too, in turn, engage in plenary, or *de novo*, review of the District Court's decision.[4] We thus apply the same standard of review that the District Court employed, reviewing "the bankruptcy court's findings of fact for clear error and its legal determinations de novo."[5] But we review the discretionary rulings of a bankruptcy court, including its determination that certain facts or issues must be excluded from trial on the basis of a pretrial order, for abuse of discretion.[6]

---

[3] *Tingling v. U.S. Dep't of Educ.*, 611 B.R. 710, 722 (E.D.N.Y. 2020).

[4] *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018); *see also In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990).

[5] *Anderson*, 884 F.3d at 387 (citing *In re U.S. Lines, Inc.*, 197 F.3d 631, 640–41 (2d Cir. 1999)). In addition, we are "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (internal quotation marks omitted).

[6] *In re Dana Corp.*, 574 F.3d 129, 145 (2d Cir. 2009); *see United States v. Park*, 758 F.3d 193, 199–200 (2d Cir. 2014) (explaining that "abuse of discretion" is a "distinctive term of art that is not meant as a derogatory statement about the district judge whose decision is found wanting."); *Clark v. Pennsylvania R.R. Co.*, 328 F.2d 591, 594 (2d Cir. 1964) ("[A] ruling amending the pre-trial order or permitting a departure by any party from his pre-trial statement may be reviewed for abuse of discretion."); *Madison Consultants v. Fed. Deposit Ins. Corp.*, 710 F.2d 57, 62 n.3 (2d Cir. 1983) ("[P]ermission to amend a pretrial order is to be granted when 'the interests of justice make such a course desirable.'" (quoting *Clark*, 328 F.2d at 594)); *Laguna v. Am. Exp. Isbrandtsen Lines, Inc.*, 439 F.2d 97, 101–02 (2d Cir. 1971)).

On appeal Tingling argues that she was deprived of due process because the Bankruptcy Court accepted the joint pretrial memorandum as agreed to and approved by all parties on July 31, 2018 and ultimately adopted it as the Bankruptcy Court's Pretrial Order, while declining to adopt other versions of the pretrial memorandum submitted unilaterally by Tingling in the interim.

We do not agree. On July 31, 2018, after the parties failed to comply with an order of the Bankruptcy Court requiring them to together submit a joint pretrial memorandum in advance of a pretrial conference, the Bankruptcy Court directed the parties to confer in an adjoining conference room and to submit a single, joint pretrial memorandum. From that conference came the hand-marked joint pretrial memorandum here at issue, identifying stipulated facts and matters disputed by Tingling. The Bankruptcy Court found the hand-marked joint pretrial memorandum acceptable and directed that it be docketed, and that the parties submit a "clean" version. App'x 65. But Tingling subsequently filed additional "joint" pretrial memoranda. Nevertheless, the Bankruptcy Court's Pretrial Order ultimately adopted the "clean" version of the hand-marked joint pretrial memorandum agreed to and approved by the parties on July 31, 2018.[7]

In challenging the Bankruptcy Court's decision, Tingling argues that she was coerced into stipulating to material facts in the marked-up joint pretrial memorandum of July 31, 2018, including (1) ECMC's standing to sue, (2) lack of medical issues relevant to her hardship claims, and (3) accuracy of loan amounts.

---

[7] A pretrial order "supersede[s] all prior pleadings and control[s] the subsequent course of the action." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) (internal quotation marks and citations omitted) (quoting Fed. R. Civ. P. 16(e), applicable to the Bankruptcy Court through Fed. R. Bankr. P. 7016).

After reviewing the record, we agree with the District Court that the Bankruptcy Court did not abuse its discretion in adopting the joint pretrial memorandum of July 31, 2018 as the basis of the Bankruptcy Court's Pretrial Order.[8] Nor did the Bankruptcy Court abuse its discretion in precluding Tingling's later unilaterally revised versions.

It is well established that "[t]he agreements and stipulations made at th[e] final [pretrial] conference will control the trial."[9] Further, "[t]he decision to permit amendment of the proposed joint pretrial order rests within the discretion of the Court and should be granted when 'the interests of justice make such a course desirable.'"[10] While the Bankruptcy Court need not "view[] such modification with hostility," its determination should balance "the need for doing justice on the merits between the parties . . . against the need for maintaining orderly and efficient procedural arrangements."[11] We are mindful of the difficulties faced by *pro se* litigants, but in these circumstances, we find no "coercion"—much less a violation of due process—in the series of hearings held and orders issued by the Bankruptcy Court, which culminated in its Pretrial Order adopting the joint pretrial memorandum agreed to and approved by all parties on July 31, 2018.

Tingling next argues that the Bankruptcy Court erred in its application of the so-called *Brunner* test in considering the dischargeability of her education debt. She further submits that the

---

[8] *See Tingling*, 611 B.R. at 722.

[9] Fed. R. Civ. P. 16, Advisory Committee Notes, 1983 Amendment, Subdivision (d).

[10] *Madison Consultants*, 710 F.2d at 62 n.3.

[11] *Laguna*, 439 F.2d at 101–02.

7

*Brunner* test has, over time, become too high a burden for debtors to satisfy.

We do not agree. "Student loans are presumptively nondischargeable in bankruptcy."[12] However, pursuant to 11 U.S.C. § 523(a)(8), a student loan can be discharged if repayment of the debt will impose an undue hardship on the debtor and the debtor's dependents.[13] Thus, a debtor who claims "undue hardship" to defeat the statutory presumption against a student loan discharge must make the following specific factual showing by a preponderance of the evidence:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.[14]

---

[12] *Easterling v. Collecto, Inc.*, 692 F.3d 229, 231 (2d Cir. 2012) (citing 11 U.S.C. § 523(a)(8)).

[13] *See United Student Aid Funds, Inc. v. Espinosa¸* 559 U.S. 260, 277 & n.13 (2010) ("Section 523(a)(8) renders student loan debt presumptively nondischargeable 'unless' a determination of undue hardship is made"); *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 450 (2004) (noting that "Section 523(a)(8) is self-executing," such that "[u]nless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt").

[14] *Brunner*, 831 F.2d at 396; *see also Grogan v. Garner*, 498 U.S. 279, 291 (1991) (holding that "the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard").

This so-called *Brunner* test reflects the Section 523(a)(8) statutory scheme exhibiting "clear congressional intent . . . to make the discharge of student loans more difficult than that of other nonexcepted debt . . . ."[15]

In this case, the Bankruptcy Court found that Tingling failed to satisfy any of the three *Brunner* prongs. For the reasons explained in the District Court's thorough Memorandum and Order, we agree. First, the record shows that Tingling's income (which exceeded federal poverty levels) and expenses allow her to make loan repayments while maintaining a minimal standard of living. Further, Tingling failed to undertake steps to improve her overall financial condition and reduce her discretionary expenses.

As for the second *Brunner* prong, Tingling is of relatively young age (52 years old), in good health, possesses two graduate degrees in healthcare administration, lacks dependents, and, by all indications, is able to maintain her current level of income. Tingling not only stipulated in the Pretrial Order that she had no medical or psychological disabilities, but she also introduced no corroborating evidence into the record that a recently diagnosed tumor affected her ability to continue working full-time.

Finally, turning to the third *Brunner* prong, Tingling failed to avail herself of repayment options available for the ECMC loans and put no discernible good faith effort into either negotiating or repaying the DOE loans. Specifically, although Tingling was eligible to consolidate her loans and enter into one of two available income-based repayment programs, Tingling never did so. In addition, Tingling received tax refunds totaling an average of over $4,000 each year for

---

[15] *Brunner*, 831 F.2d at 396.

the years 2014 through 2017, but she put no portion of these refunds toward her student debt.

Given the record, it was not error for the Bankruptcy Court to conclude that Tingling had not carried her burden to prove by a preponderance of the evidence that she satisfied any of the three *Brunner* prongs.

## III. CONCLUSION

To summarize, we hold as follows:

(1) The Bankruptcy Court did not err, much less abuse its discretion, when it based its Pretrial Order on the joint pretrial memorandum agreed to and approved by the parties on July 31, 2018 at a pretrial conference held for that purpose. Further, it was not error, or an abuse of discretion, to disallow Tingling's unilateral modifications of the joint pretrial memorandum, inasmuch as the interests of justice in this case did not so require.

(2) Tingling failed to make the factual showing to establish "undue hardship" under the *Brunner* test, as would be required to allow the discharge of her educational loans.

For the foregoing reasons, we **AFFIRM** the District Court's judgment.