22-2045-bk

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-three.

Present:
> PIERRE N. LEVAL
> BARRINGTON D. PARKER,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

IN RE: SHANE CHRISTOPHER BUCZEK,

> *Debtor*.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SHANE CHRISTOPHER BUCZEK,

> *Debtor-Appellant*,

v.                                                                                    22-2045

KEY BANK NATIONAL ASSOCIATION,

> *Appellee*.

---

| | |
|---|---|
| For Debtor-Appellant: | SHANE CHRISTOPHER BUCZEK, *pro se*, Amherst, NY |
| For Appellee: | David P. Case, Fein, Such & Crane, LLP, Rochester, NY |

Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Debtor-Appellant Shane Christopher Buczek, proceeding *pro se*, appeals from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *District Judge*), entered on August 24, 2022, affirming the bankruptcy court's orders denying Buczek's motion for sanctions against Creditor-Appellee Key Bank National Association ("KeyBank"), granting KeyBank's cross-motion for sanctions against Buczek, and denying Buczek's motion for an evidentiary hearing on issues related to the court's order granting KeyBank relief from the automatic stay.

Shane Buczek's mother, Deborah Buczek, obtained a home equity line of credit from KeyBank using a mortgage she had on a property as security. KeyBank initiated a state foreclosure action when she failed to make payments, and Deborah transferred to Shane her interest in the property. The state court ordered that the property be sold in a foreclosure sale to satisfy KeyBank's debt, and Deborah and Shane both filed for Chapter 13 bankruptcy. KeyBank moved for relief from the automatic stay in Shane's proceeding, arguing that he was using the bankruptcy system in bad faith to prevent the foreclosure sale. The bankruptcy court granted the motion. Shane moved to vacate or, in the alternative, for an evidentiary hearing on the issues related to the automatic stay, which the bankruptcy court denied.

2

After further motions practice, KeyBank moved for sanctions against Buczek, arguing that he was engaging in a pattern of vexatious filings by continuing to deny the validity of KeyBank's interest in the mortgage because it was transferred to him from his mother. The bankruptcy court denied the motion because Buczek had withdrawn his motion challenging the validity of the mortgage, but it shortened the duration of time after which KeyBank could file another sanctions motion if Buczek continued denying the mortgage's validity. Buczek then filed an emergency restraining order to halt the foreclosure sale, which the bankruptcy court denied because KeyBank's interest in the mortgage was valid; the bankruptcy court also found that Buczek was acting in bad faith.

Buczek then moved for sanctions against KeyBank, alleging that it had filed a fraudulent proof of claim to the property and claiming that he had a valid arbitration award against KeyBank. KeyBank cross-moved for sanctions, noting that this was Buczek's fifth attempt to litigate the validity of its claim to the mortgage. The bankruptcy court concluded that Buczek's motion rehashed arguments that had been repeatedly rejected by that court and several others; denied Buczek's motion; granted KeyBank's cross-motion for sanctions in the amount of $715 for costs expended responding to Buczek's motion; and found that the arbitration award was not authentic. The bankruptcy court separately dismissed Buczek's bankruptcy case entirely, concluding that Buczek prejudiced his creditors by attempting to unreasonably delay proceedings.

Buczek appealed to the district court. Among other decisions, he challenged the bankruptcy court's orders denying his motion for sanctions, granting KeyBank's cross-motion for sanctions, and denying his motion for an evidentiary hearing on the issues related to the court's order granting KeyBank relief from the automatic stay. The district court affirmed.

3

Under 28 U.S.C. § 158(d), courts of appeals have jurisdiction to review final judgments of district courts acting as appellate courts in bankruptcy cases. We conduct a plenary review of orders by district courts in such cases, reviewing conclusions of law *de novo*, the bankruptcy court's factual findings for clear error, and its discretionary rulings for abuse of discretion. *In re Tingling*, 990 F.3d 304, 307 (2d Cir. 2021).

## I. Issues on Appeal

For clarity's sake, we note that the issues on appeal arise from the bankruptcy court's orders (1) denying Buczek's motion for sanctions, (2) granting KeyBank's cross-motion for sanctions, and (3) denying Buczek's motion for an evidentiary hearing[1] on issues related to KeyBank's relief from the automatic stay.[2]

## II. Sanctions

We review bankruptcy court decisions on sanctions for abuse of discretion. *See In re Gravel*, 6 F.4th 503, 511 (2d Cir. 2021). An abuse of discretion occurs when a court "bases its

---

[1] It is not abundantly clear when Buczek claims he was entitled to an evidentiary hearing. The district court considered whether he was entitled to an evidentiary hearing on the issues relating to the bankruptcy court's order granting KeyBank relief from the automatic stay, such as whether KeyBank's claim to the mortgage was valid. *See Buczek v. KeyBank N.A.*, Nos. 20-cv-1046, 20-cv-1322, 20-cv-1697 (JLS), 2022 WL 3648567 (W.D.N.Y. Aug. 24, 2022), at *6, *8. But Buczek also argued to the district court that the bankruptcy court erred in denying his motion for rehearing on the cross-motions for sanctions, *id.* at *4, which the district court determined was untimely and therefore declined to reach, *id.* at *5. Buczek's brief on appeal to this Court also seems to argue that he was entitled to an evidentiary hearing on the issues relating to the automatic stay rather than a hearing on the sanctions issues. *See* Appellant's Br. at 11, 14. We will thus address only the issue of whether the bankruptcy court abused its discretion in denying Buczek's motion for an evidentiary hearing on the issues related to the automatic stay.

[2] There are several issues and arguments that either Buczek raises now or that were raised in the district court that are not at issue in this appeal. To the extent that Buczek seeks to appeal the bankruptcy court's decision dismissing his bankruptcy case, Buczek fails to address that issue in his brief, so it is forfeited. Other of Buczek's appeals from the bankruptcy court, including his appeal of an additional $1,000 sanctions award, were dismissed by the district court for lack of jurisdiction, which we affirm, and are therefore not at issue in this appeal. Any argument that the bankruptcy court erred by finding his arbitration award invalid is not at issue, as the bankruptcy court's order of sanctions only obliquely involved the court's determination that the arbitration award was invalid. And any of Buczek's arguments about his adversary proceedings are not at issue because the order he appealed does not relate to the adversary proceedings.

ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (cleaned up).

The bankruptcy court did not abuse its discretion in denying Buczek's motion for sanctions. Buczek's motion repeated arguments about KeyBank's purportedly fraudulent claim that the bankruptcy court had already rejected, including in an order denying Buczek's first motion for sanctions, which described Buczek's use of the bankruptcy system as "an act of bad faith." *In re Buczek*, 617 B.R. 772, 777 (Bankr. W.D.N.Y. 2020). The bankruptcy court had also previously determined that Buczek "was bound by the outcome of the [state] foreclosure proceeding," *id.* at 775–76, but Buczek nevertheless continued to press his argument that KeyBank's proof of claim was fraudulent. Because the bankruptcy court had already considered and rejected this argument (and derivatives of it) several times, it did not abuse its discretion in denying his subsequent motion for sanctions premised on the same argument.

The bankruptcy court also acted within its discretion to grant KeyBank's cross-motion for sanctions and order minor monetary sanctions against Buczek for filing a motion that had "no chance of success." *Matter of Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991). As the district court observed, Buczek's "conduct evidenced an intent to hinder, delay, and defraud creditors," as demonstrated by "the timing of the transfer of the property and bankruptcy filings, as well as the record of serial appeals, objections, and other filings in both Buczek's and his mother's bankruptcy cases." *Buczek*, 2022 WL 3648567, at *9. To the extent Buczek argues that the bankruptcy court erred by failing to provide a rationale for the sanctions, we disagree.

5

Prior to ordering sanctions against Buczek, the bankruptcy court explained, on the record—as it already had at least once in a prior hearing—that Buczek was continuing to push an argument that had already been resolved, with finality, by the state court. This is sufficient.

Additionally, the amount of the award did not constitute an abuse of discretion. Federal Rule of Bankruptcy Practice 9011 allows the bankruptcy court to award the prevailing party "reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed. R. Bankr. P. 9011(c)(1)(A). The court sanctioned Buczek for the precise amount of attorney's fees and costs that KeyBank's counsel billed its client for responding to Buczek's sanctions motion.

### III.  Evidentiary Hearing

We review a bankruptcy court's decision not to hold an evidentiary hearing for abuse of discretion. *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1313 (2d Cir. 1997). A bankruptcy court does not abuse its discretion in declining to hold an evidentiary hearing if it has "ample evidence" upon which to make its decision. *Id.*

Here, the bankruptcy court had ample evidence upon which to decide whether to grant KeyBank relief from the automatic stay. Buczek had numerous opportunities to present his theories that KeyBank committed fraud and lacked standing in its attempt to enforce the state court's foreclosure sale order, and the bankruptcy court had numerous times considered and rejected those arguments before granting KeyBank relief from the automatic stay. As the district court noted, "the lengthy record in this case contained ample evidence for the Bankruptcy Court to make its decisions, and . . . the Bankruptcy Court sufficiently stated its findings and reasons on the record—particularly in light of its familiarity with the procedural history of the case and its multiple prior decisions addressing the same essential arguments." *Buczek*, 2022 WL 3648567,

6

at *10. Accordingly, the bankruptcy court did not abuse its discretion in declining to grant an evidentiary hearing on the issues related to KeyBank's relief from the automatic stay.

We have considered Buczek's remaining arguments and find them to be without merit.

\* \* \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7