23-225-bk

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand twenty-four.

PRESENT:  JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*.

------------------------------------------------------------------

IN RE: VAN DOUG WALKER,

*Debtor*.

------------------------------------------------------------------

VAN DOUG WALKER,

*Debtor-Appellant*,

v.                                                              No. 23-225-bk

ALAN NISSELSON, AS BANKRUPTCY TRUSTEE,

*Appellee*.

------------------------------------------------------------------

FOR DEBTOR-APPELLANT:        Van Doug Walker, *pro se*, Brooklyn, NY

FOR APPELLEE:        Alan Nisselson, Edmund B. Troya, Windels Marx Lane & Mittendorf, LLP, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Van Doug Walker, proceeding *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*) approving the Bankruptcy Court's compensation award to the bankruptcy Trustee, Appellee Alan Nisselson, and the law firm Nisselson employed to assist with Walker's Chapter 7 bankruptcy proceedings. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Walker filed for bankruptcy under Chapter 11 in September 2017. On the motion of a secured creditor, the Bankruptcy Court (Strong, *J.*) converted Walker's case to a Chapter 7 liquidation. The Office of the United States Trustee

then appointed Nisselson as interim Chapter 7 Trustee. The Bankruptcy Court in turn authorized Nisselson to retain Windels Marx Lane & Mittendorf, LLP ("Windels Marx") as attorneys and approved Windels Marx's range of regular hourly rates and anticipated workload. In August 2020 Nisselson submitted a final report with a detailed account of Walker's assets and creditors, and a proposed distribution of payments. Relevant here, Nisselson also filed a detailed application for compensation for Windels Marx, listing $190,310.50 in fees. Windels Marx voluntarily reduced the fee amount to $78,331.74. The Bankruptcy Court approved the award of compensation and reimbursement of expenses, allowing $8,754.73 in fees to Nisselson and $78,331.74 to Windels Marx. Walker appealed to the District Court, which affirmed. This appeal followed.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) (quotation marks omitted). We review the Bankruptcy Court's findings of fact for clear error, conclusions of law *de novo*, and discretionary decisions — including fee awards — for abuse of discretion. *In re Tingling*, 990 F.3d 304, 307 (2d Cir. 2021); *see In re Bayshore Wire Prods. Corp.*, 209

3

F.3d 100, 103 (2d Cir. 2000). A bankruptcy court abuses its discretion if its decision is based on an "error of law . . . or a clearly erroneous factual finding," or "cannot be located within the range of permissible decisions." *In re Aquatic Dev. Grp., Inc.*, 352 F.3d 671, 678 (2d Cir. 2003) (quotation marks omitted).

Walker argues that the total award to Nisselson and Windels Marx exceeds the statutory cap found in 11 U.S.C. § 326(a). Though Walker forfeited this argument by failing to raise it before the District Court, we exercise our discretion to reach it, and we conclude that the argument is without merit. Section 326 limits a trustee's award as a percentage of the debtor's total liquidated assets to no more than "5 percent on any amount in excess of $50,000 but not in excess of $1,000,000." 11 U.S.C. § 326(a). Walker's liquidated assets totaled $360,400, yielding a statutory cap under Section 326(a) of $18,020. The award of $8,754.73 in fees to Nisselson as trustee falls well within this limit. To the extent Walker suggests that the *total* award to Nisselson and Windels Marx exceeds this limit, he misinterprets the statute, which applies only to the trustee's award.[1]

---

[1] Walker argued before the District Court but does not press on appeal that the total award to Nisselson and Windels Marx was substantively unreasonable. Though he

Walker separately argues that "the compensation awarded to the trustee should be vacated *in toto*" because his work was fraudulent and not diligent. Appellant's Br. 5–6; *see* 11 U.S.C. § 328(c).   We reject this argument because it rests on entirely conclusory and unsupported allegations of fraud and self-dealing.   Indeed, the Bankruptcy Court, after years of supervising these proceedings, praised the work of both Nisselson and the attorneys of Windels Marx as "efficient[]" and "effective[]."   App'x 166.   Walker gives us no reason to reach a different conclusion.

We have considered Walker's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

abandoned this argument and we need not reach it, it is also without merit.   Retention and "compensation of professional persons," including the attorneys at Windels Marx employed by the Trustee with the court's approval, are governed by 11 U.S.C. §§ 327, 328, and 330.   In approving the award, the Bankruptcy Court made reasonable factual findings and appropriately applied the relevant factors under Section 330(a)(3).