24-1261-bk
In re: Mattei

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-five.

PRESENT: JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

IN RE: WILLIAM M. MATTEI AND
TRACY MATTEI,

*Debtors*.

------------------------------------------------------------------

BRENDA WILEY, AS
ADMINISTRATOR C.T.A., OF THE
ESTATE OF JEFFREY KEAHON,
A/K/A HAROLD JEFFREY
KEAHON,

*Plaintiff-Appellee*,

v.                                                              No. 24-1261-bk

WILLIAM M. MATTEI, TRACY
MATTEI,

          *Defendants-Appellants*.

------------------------------------------------------------------

FOR APPELLANTS:
        ROBERT S. LEWIS, Law Offices of Robert S. Lewis P.C., Nyack, NY (Carlos J. Cuevas, Yonkers, NY, *on the brief*)

FOR APPELLEE:
        ROSELINA D'ANNUCCI, Law Offices of Serrano & Associates, Nyack, NY (Richard Pakola, Law Office of William F. Smith, Esq., Bardonia, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendants-Appellants William M. Mattei and Tracy Mattei appeal from an April 12, 2024 judgment of the United States District Court for the Southern District of New York (Halpern, *J.*) that affirmed a judgment of the United States Bankruptcy Court for the Southern District of New York denying their request for a discharge of their debts under 11 U.S.C. § 727(a)(4)(A). *See In re Mattei*, No. 23-CV-6093, 2024 WL 1598225 (S.D.N.Y. Apr. 12, 2024). We assume the parties'

familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

From 2013 until her death in 2016, Angela Mattei, William Mattei's mother, was the executor of the estate of Jeffrey Keahon (the "Keahon Estate"). About two months prior to Angela Mattei's death, in April 2016, Plaintiff-Appellee Brenda Wiley filed a petition in Rockland County Surrogate's Court to remove Mattei as administrator of the Keahon Estate, alleging in relevant part that Mattei had engaged in mismanagement and self-dealing in her role as executor. Following Angela Mattei's death, Wiley's petition was granted, and she became the administrator of the Keahon Estate. In 2017 Wiley filed objections to the accounting Angela Mattei had filed in 2015, and in 2018 the Surrogate's Court ruled in favor of Wiley and awarded $98,356.42 plus interest to be paid by Angela Mattei's estate. To collect the award, Wiley sued the Appellants in Rockland County Surrogate's Court, claiming that property had been fraudulently conveyed from Angela Mattei's estate to the Appellants.

While that claim was pending, the Appellants filed a petition for voluntary bankruptcy in the Bankruptcy Court and sought to discharge any debts or claims

3

owed to the Keahon Estate. Wiley objected, arguing (1) that the Appellants'

debts were non-dischargeable and (2) that their request to discharge should in

any event be denied because they had knowingly filed false income statements in

the Bankruptcy Court proceedings. The Bankruptcy Court rejected Wiley's first

argument and granted partial summary judgment in the Appellants' favor,

holding that they were not directly liable for the debts of Angela Mattei's estate.

As for Wiley's second argument, however, the Bankruptcy Court found, after a

bench trial, that the Appellants had knowingly filed false income statements in

the Bankruptcy Court proceedings. It accordingly sustained Wiley's discharge

objection under section 727(a)(4)(A) of the Bankruptcy Code, 11 U.S.C.

§ 727(a)(4)(A). The District Court affirmed the Bankruptcy Court's judgment, *see*

*In re Mattei*, 2024 WL 1598225, at \*4–7, and this appeal followed.

## DISCUSSION

Because "[t]he District Court operated as an appellate court in its review of

the Bankruptcy Court's judgment," we conduct plenary review and "apply the

same standard of review that the District Court employed." *In re Tingling*, 990

F.3d 304, 307 (2d Cir. 2021). We therefore review the Bankruptcy Court's

conclusions of law *de novo* and its factual findings for clear error. *See id.*

4

The Appellants first argue that Wiley lacked statutory standing under 11 U.S.C. § 727(c)(1) to object to their discharge once the Bankruptcy Court concluded that they were not indebted to Wiley. We disagree. The Bankruptcy Code defines a "creditor" as any entity with a preexisting "claim" against a debtor. 11 U.S.C. § 101(10)(A). "Claim," in turn, is defined as a "right to payment, whether or not such right is reduced to judgment, . . . contingent, . . . disputed, [or] undisputed." *Id.* § 101(5)(A); *see also Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) ("Congress intended by this language to adopt the broadest available definition of 'claim.'"). Wiley's fraudulent-conveyance claim filed against the Appellants in the Surrogate's Court, which the Appellants specifically sought to discharge in bankruptcy, qualifies as a claim under the statutory definition. The Bankruptcy Court's ruling that the Appellants were not directly liable for the Surrogate's Court's 2018 award against Angela Mattei's estate did not extinguish this claim.[1] *See Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998)

---

[1] The Appellants also argue that the Bankruptcy Court's finding that Wiley failed to establish that any real property was conveyed from Angela Mattei to the Appellants "under false pretenses, a false representation, or actual fraud," App'x 879, has *res judicata* effect on all of Wiley's outstanding claims in the Surrogate's Court. We disagree. Even if the Bankruptcy Court's finding bound the Surrogate's Court, several of Wiley's fraudulent-conveyance claims in the Surrogate's Court do not require proof of actual fraud. *See* N.Y. Debt. & Cred. Law §§ 273, 275 (2019).

5

(distinguishing between a "claim" and a "debt"). Accordingly, we conclude that Wiley qualifies under the Bankruptcy Code as a creditor with statutory standing to object to the Appellants' request to discharge any debts or claims owed to the Keahon Estate.

The Appellants also argue that Wiley lacked Article III standing to file a discharge objection in the Bankruptcy Court. We need not decide whether Article III's standing requirements apply to proceedings in bankruptcy courts, which are authorized by Article I, because we conclude in any event that Wiley has established Article III standing.[2]

Here, the Appellants sought a global judgment in the Bankruptcy Court releasing them of their obligations to pay any outstanding claims, including Wiley's claims. Wiley objected, alleging that the proposed judgment was premised on the Appellants' false statements and that the Appellants' discharge, if sustained, would extinguish Wiley's claims against the Appellants in the Surrogate's Court. That is sufficient to establish a concrete injury in fact that is

---

[2] *Compare In re Res. Tech. Corp.*, 624 F.3d 376, 382 (7th Cir. 2010) ("Article III's standing requirements apply to proceedings in bankruptcy courts just as they do to proceedings in district courts."), *with In re Highland Cap. Mgmt., L.P.*, 74 F.4th 361, 366 (5th Cir. 2023) ("Bankruptcy courts are not authorized by Article III of the Constitution, and as such are not presumptively bound by traditional rules of judicial standing." (quotation marks omitted)).

attributable to the Appellants' conduct and redressable by a favorable ruling sustaining the discharge objection. Although Wiley's Surrogate's Court claims may ultimately fail, she need not show "that it is literally certain that the harms [she] identif[ies] will come about" to satisfy Article III, *Saba Cap. Cef Opportunities 1, Ltd. v. Nuveen Floating Rate Income Fund*, 88 F.4th 103, 111 (2d Cir. 2023) (quotation marks omitted), only that her alleged injury is "concrete and particularized" and "actual or imminent," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quotation marks omitted); *see Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 463–64 (2017) ("[Petitioners'] lawsuit — like any lawsuit — *might* prove fruitless, but the mere *possibility* of failure does not eliminate the value of the claim or petitioners' injury in being unable to bring it.").[3]

---

[3] The Appellants alternatively argue that Wiley was not a "person aggrieved" by the Appellants. The "person aggrieved" test, however, determines whether a creditor has standing to *appeal* a bankruptcy court's judgment, not whether she has standing to file an objection in the first instance. *See In re DBSD N. Am., Inc.*, 634 F.3d 79, 88–89 (2d Cir. 2011).

We have considered the Appellants' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court