24-2511-bk
In Re: Orion HealthCorp, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand twenty-five.

PRESENT: JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

IN RE: ORION HEALTHCORP,
INC.,

*Debtor*.

------------------------------------------------------------------

HOWARD M. EHRENBERG, AS
LIQUIDATING TRUSTEE OF THE
JOINTLY ADMINISTERED
BANKRUPTCY ESTATES OF
ORION HEALTHCORP, INC. AND
CONSTELLATION HEALTH
TECHNOLOGIES, INC.,

*Plaintiff-Appellee*,

v. No. 24-2511-bk

ALLIED WORLD NATIONAL
ASSURANCE COMPANY,

*Defendant-Appellant,*

UNITED STATES TRUSTEE,

*Trustee.*

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | RICHARD A. SIMPSON, Wiley Rein LLP, Washington, DC (Emily S. Hart, Wiley Rein LLP, Washington DC, Gerald T. Ford, Landman Corsi Ballaine & Ford P.C., Newark, NJ, *on the brief*) |
| FOR APPELLEE: | KASEY J. CURTIS, Reed Smith LLP, Los Angeles, CA (Benjamin Fliegel, Reed Smith LLP, Los Angeles, CA, Charles P. Hyun, Reed Smith LLP, New York, NY, *on the brief*) |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Allied World National Assurance Company ("Allied World") appeals from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*) affirming an order of the United States Bankruptcy Court for the Eastern District of New York denying Allied World's motion to compel arbitration. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

In 2018 Constellation Healthcare Technology, Inc. ("CHT") and Orion HealthCorp, Inc. ("Orion"), a direct subsidiary of CHT, filed for bankruptcy under Chapter 11. In 2019 the Bankruptcy Court approved a consolidated Plan of Liquidation for CHT and Orion, creating the Debtors' Liquidating Trust and naming Plaintiff-Appellee Howard M. Ehrenberg (the "Trustee") as the Liquidating Trustee. CHT and the Trustee commenced adversary proceedings against a number of CHT's and Orion's directors and officers. In a settlement agreement, the directors and officers assigned their rights to pursue insurance coverage to the Trustee.

3

The insurance policy issued by Allied World (the "Allied World Policy") is excess to another insurance policy (the "Primary Policy") issued to CHT. The Allied World Policy adopts the arbitration clause contained in the Primary Policy, which provides:

> A dispute between the insurer and the policyholder regarding any aspect of this policy which cannot be resolved by agreement between them within six months, shall be referred to a mutually agreed mediator. If the dispute remains unresolved after mediation, it shall be resolved by arbitration in the London Court of International Arbitration (LCIA).

App'x 158 § 5.16 ("Arbitration Provision"). The term "policyholder" is expressly defined in the Primary Policy to mean CHT, *see* App'x 143, 152, and the Allied World Policy adopts that definition.

In December 2021 the Trustee filed an adversary proceeding against Allied World, seeking coverage for defense costs and indemnification allegedly owed to the directors and officers under the Allied World Policy in connection with the earlier adversary proceedings against them. Allied World filed a motion to compel arbitration based on the arbitration clause in the Allied World Policy. The Bankruptcy Court denied Allied World's motion, and the District Court affirmed.

## DISCUSSION

We engage in plenary review when "[t]he District Court operated as an appellate court in its review of the Bankruptcy Court's judgment." *In re Tingling*, 990 F.3d 304, 307 (2d Cir. 2021). When we review a motion to compel arbitration, "[t]he threshold question of whether the parties indeed agreed to arbitrate is determined by state contract law principles." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). Under New York law, which applies here, we "determine in the first instance whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement." *Revis v. Schwartz*, 140 N.Y.S.3d 68, 74 (2d Dep't 2020) (cleaned up); *see Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012).

On appeal, Allied World argues that its dispute with the Trustee falls under the Arbitration Provision because the Trustee "sought relief in his capacity as the policyholder." Appellant's Br. 13–14 (emphasis omitted). In any event, Allied World asserts, the directors and officers are themselves bound as individual insureds under the Allied World Policy because they are "invoking

rights directly afforded to them by the insurance contract." Appellant's Br. 27. We are not persuaded.

The allegations and claims for relief in the complaint relate entirely to Allied World's duty to defend and indemnify the directors and officers in connection with the earlier adversary proceedings. Indeed, the complaint alleges that "[t]he Trustee received the claims pursued here via assignment by the Directors and Officers and stands in their shoes as assignee." App'x 7 ¶ 8. Because it is well established that an assignee "is the functional equivalent of" the assignor, *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 389 (2d Cir. 2021), for substantially the reasons stated by the Bankruptcy Court and the District Court, we conclude that "the dispute [here] . . . is between Allied World and the directors and officers," App'x 439–40; *see* Spec. App'x 17. And because the directors and officers are defined as "insured[s]" under the Primary Policy and the Allied World Policy, App'x 131, 150 §§ 3.17–3.18, we also agree with the Bankruptcy Court and District Court that this is a dispute between insureds and the insurer, not a dispute between the policyholder and the insurer, *see* App'x 440; Spec. App'x 17. The dispute thus falls outside the scope of the Arbitration Provision. The "Notice and authority" clause in the Primary Policy,

App'x 158 § 5.20, does not alter that conclusion because it does not limit the right of the insureds to bring claims for coverage and the Trustee here is acting only as the assignee of the insureds, not as the policyholder.

Moreover, because the Arbitration Provision is expressly limited to "dispute[s] between the insurer and the policyholder," App'x 158 § 5.16, the directors and officers cannot be compelled to arbitrate their disputes with Allied World as third-party beneficiaries. "[T]he obligation to arbitrate [is] a creature of contract." *Oxbow Calcining USA Inc. v. Am. Indus. Partners*, 948 N.Y.S.2d 24, 29 (1st Dep't 2012) (quotation marks omitted). Accordingly, parties "may structure arbitration agreements to limit both the issues they choose to arbitrate and '*with whom* they choose to arbitrate their disputes.'" *Id.* (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 683 (2010)). Here, there was only an "agree[ment] to arbitrate" disputes between Allied World and CHT, not any disputes between Allied World and the directors and officers. *Nicosia*, 834 F.3d at 229. Thus, to compel arbitration, Allied World must show that this case falls into the narrow category of cases where "nonsignatories may be compelled to arbitrate" under "the direct benefits theory of estoppel." *Belzberg v. Verus Invs. Holdings Inc.*, 21 N.Y.3d 626, 630–31 (2013). Allied World has failed to do so

7

because although the directors and officers seek benefits under the Allied World

Policy, they have not "assumed performance" of the Allied World Policy in the

place of the policyholder.  *See Oxbow Calcining USA Inc.*, 948 N.Y.S.2d at 30.

## CONCLUSION

We have considered Allied World's remaining arguments and conclude

that they are without merit.  For the foregoing reasons, the judgment of the

District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court